IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. MITCHEL, | No. C 09-05004 SI |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION FOR SANCTIONS** |
| v. | |
| CITY OF SANTA ROSA, | |
| Defendant. | |

Defendant's motion to dismiss and motion for sanctions came on for hearing on January 29, 2010. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby rules as follows.

**BACKGROUND**

The subject of this litigation is a dispute concerning plaintiff James Mitchel's employment as a Police Captain with the Santa Rosa Police Department ("SRPD"). Plaintiff's allegations are as follows. Beginning in 2007, various subordinate officers in the SRPD filed a series of internal discrimination complaints against plaintiff and SRPD's police chief, Edwin Flint. Complaint ¶¶ 11-14. According to plaintiff, the first complaint, filed in January 2007 by Officer Erin Holroyd, was an informal complaint about gender disparity. *Id.* ¶ 11. These complaints included allegations of gender disparity in the SRPD as well as claims of hostile work environment, discrimination, and retaliation as a result of airing the gender disparity concerns. *Id.*

On February 7, 2008, plaintiff was told that the City of Santa Rosa had commenced an internal affairs investigation into the discrimination complaints. *Id.* ¶ 17. A week later, plaintiff was

interviewed by the investigator, Edward Kreins. A month later, plaintiff was provided with a copy of the Kreins' investigative report, which included Kreins' opinions as well as excerpts from the interviews of plaintiff and more than twenty other employees of SRPD. *Id.* ¶ 20. When plaintiff went to pick up a copy of the report from the Assistant City Attorney, Caroline Fowler, he witnessed Fowler providing a copy of the report to Kathy Warr, one of the discrimination complainants. *Id.* ¶ 21. Plaintiff contacted Chief Flint, and after Chief Flint's counsel complained to the City, the City immediately requested that all the complainants refrain from reading the report and return their copies to the City. *Id.* ¶ 22; *see also* Fowler Decl. ¶ 7 (Docket No. 17, No. 08-2698).[1]

Thereafter, plaintiff filed suit against the City in Sonoma County Superior Court, alleging multiple causes of action including breach of defendant's duty of confidentiality, violation of the privacy provisions of the California Constitution, violation of his federal constitutional rights to privacy and due process, infliction of emotional distress, and gender discrimination. The lawsuit was removed to this Court on May 29, 2008. *See Mitchel v. City of Santa Rosa* ("*Mitchel I*"), No. 08-2698 SI. Meanwhile, SRPD terminated plaintiff, effective May 30, 2008, and plaintiff amended his complaint to add a retaliation claim in relation to the termination. Defendant moved to dismiss the complaint on multiple grounds, including that plaintiff had failed to exhaust his administrative remedies with respect to certain claims and had failed to present other claims to the City before filing a complaint in court, as required by the California Tort Claims Act. By order dated October 7, 2008, the Court granted defendant's motion and dismissed the entire complaint without prejudice.

Meanwhile, on plaintiff's request, the termination dispute was submitted to binding arbitration pursuant to Section 56 of the Santa Rosa City Charter. *See* May 30, 2008 Email, ex. 1 to McClain Decl.[2] The arbitration was set to occur before a panel of three arbitrators: Victor Thuesen, plaintiff's appointee;

---

[1] The Court grants defendant's request for judicial notice of this document as well as the remainder of the proceedings in *Mitchel v. City of Santa Rosa* ("*Mitchel I*"), No. 08-2698 SI.

[2] The Court will consider certain documents outside the pleadings, including records of the arbitration proceedings, in ruling on defendant's motion to dismiss because these documents are either judicially noticeable or are incorporated by reference into the complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment.").

Kathleen Kelly, defendant's appointee; and Carol Vendrillo, the neutral chair. McClain Decl. ¶ 1; *see also* ex. E to Complaint at 1. Prior to the start of the hearing, plaintiff submitted a request for pre-hearing discovery. Complaint ¶ 38; McClain Decl. ¶ 3. After a telephone conference on July 18, 2008, Ms. Vendrillo, the panel chair, ruled that there would be no pre-hearing depositions or document production, that the parties were to exchange witness and exhibits lists one week prior to the hearing, and that the panel would issue subpoenas to any witnesses the parties wished to call. McClain Decl. ¶ 4. Although plaintiff alleges that he was denied all rights to receive discovery, Complaint ¶¶ 38-40, defendant asserts that some of plaintiff's discovery requests during the arbitration proceedings resulted in orders directing defendant to produce material to plaintiff, McClain Decl. ¶ 5, ex. 5 & 6.

The arbitration hearing commenced on September 15, 2008. McClain Decl. ¶ 2. The first day of the hearing was devoted to plaintiff's argument that the City Manager, Jeff Kolin, lacked authority to terminate plaintiff from his position as Police Captain. *Id.* The panel found against plaintiff on that issue. *See* Ex. 2 to McClain Decl. The remainder of the hearing was devoted to the propriety of plaintiff's termination. During the hearing, plaintiff presented 18 witnesses and submitted more than 30 exhibits. McClain Decl. ¶ 6. Ultimately, on July 10, 2009, the panel found that the City had just cause for terminating plaintiff. *See* Ex. E to Complaint. The panel found that, despite an order not to discuss the ongoing investigation into the internal discrimination complaints, plaintiff had engaged in a campaign to discredit the complainants and to solicit support among his colleagues, and had lied to the investigator about these actions. *Id.* at 9-12. The panel further found that plaintiff had been dismissive and intimidating towards the complainants, conduct that went "beyond the bounds of reasonable professional behavior." *Id.* at 18-20.

Plaintiff filed this action in state court on September 30, 2009, alleging violation of and conspiracy to violate his constitutional right to due process, wrongful termination, breach of the duty of confidentiality, and violations of California's Public Safety Officers Procedural Bill of Rights (referred to as the "Peace Officers' Bill of Rights" or "POBOR"). Plaintiff seeks injunctive relief, administrative mandamus ordering the arbitration panel to set aside its decision and give plaintiff another hearing, and vacatur of the arbitration decision. Defendant removed the action to this court on October 20, 2009.

3

Presently before the Court are defendant's motion to dismiss and defendant's motion for Rule 11 sanctions against plaintiff and his counsel based on the filing of the complaint.

**LEGAL STANDARDS**

**I.      Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**II.     Motion for Sanctions**

Under Federal Rule of Civil Procedure 11, a court may impose sanctions against an attorney, law firm, or party when a complaint is filed for an improper purpose such as harassment or delay, when the claims in the complaint are unwarranted under either existing law or a nonfrivolous argument for extension of the law, or when the allegations in the complaint are without evidentiary support and unlikely to have evidentiary support after further investigation and discovery. Fed. R. Civ. P. 11(b) & (c). When evaluating whether a complaint is frivolous or without evidentiary support, the court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry

4

before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotation marks and citation omitted).

**DISCUSSION**

**I.    Motion to Dismiss**

**A.    Counts 1-5: 42 U.S.C. § 1983**

Defendant's first argument is that plaintiff's First through Fifth Causes of Action, alleging violations of 42 U.S.C. § 1983, are barred because plaintiff cannot bring a Section 1983 claim based on a purported violation of California law.[3] These claims allege that defendant violated plaintiff's right to due process, and conspired against him to violate this right, by releasing the investigator's report to the complainants and by terminating plaintiff from his position.

Count 1 alleges that defendant violated the City's Personnel Rules and City Charter by releasing the investigative report to the complainants. Complaint ¶ 47. This claim restates verbatim the Second Cause of Action in plaintiff's complaint in *Mitchel I*, a claim that was dismissed by this Court on the ground it failed to allege a constitutional violation. *See Paul v. Davis*, 424 U.S. 693, 699-700 (1976) (a claim cannot be stated under Section 1983 for a violation of state or local law). This cause of action contains no allegations related to any violation of federal due process rights. Indeed, plaintiff's opposition to defendant's motion to dismiss alludes only to violations of state law. Accordingly, plaintiff's First Cause of Action must be DISMISSED WITH PREJUDICE.

Count 2 alleges that Section 56 of the City Charter, the section dealing with termination, is unconstitutional because it requires terminated employees to pay half the cost associated with a termination hearing, which in plaintiff's case amounted to approximately $66,000. Complaint ¶ 53. Plaintiff asserts that courts "routinely strike down" such cost-sharing provisions as unconstitutional burdens on due process rights. In *Green Tree Financial Corporation-Alabama v. Randolph*, 531 U.S. 79, 92 (2000), the Supreme Court held that cost-sharing provisions in arbitration agreements may be

---

[3] Defendant also moves to dismiss these claims on grounds of collateral estoppel. Because not all the claims now asserted in Counts 1 through 5 were previously presented to this Court, the Court will address each claim on the merits.

5

unenforceable if the plaintiff can show that the costs imposed in the individual case are so prohibitive that they have the potential to inhibit employees from seeking to vindicate their claims. The Ninth Circuit has not issued a decision interpreting this language in *Green Tree* or establishing standards in this circuit for the institution and resolution of claims challenging cost-sharing provisions.[4] Based on cases from other circuits as well as California law, however, defendant asserts that plaintiff waived any challenge to the arbitration agreement's cost-sharing provision by failing to raise his claim during arbitration. Although the federal cases cited by defendant are inapposite, defendant's waiver argument finds significant support in *Moncharsh v. Heily & Blase*, 832 P.2d 899 (Cal. 1992). In *Moncharsh*, the California Supreme Court held that a plaintiff who argues that a fee-splitting provision in an arbitration agreement is illegal and in violation of public policy must raise that argument before the arbitration panel or risk waiver of the claim. *Id.* at 917-18. Although plaintiff's claim in this case is a federal constitutional challenge, the Court finds the holding of *Moncharsh* persuasive in light of the "strong public policy" in favor of upholding binding arbitration agreements. *Id.* at 902. As the *Moncharsh* court explained, "A contrary rule would condone a level of 'procedural gamesmanship' that we have condemned as 'undermining the advantages of arbitration.'" *Id.* at 917 (citation omitted). Accordingly, plaintiff's Second Cause of Action must be DISMISSED WITH PREJUDICE.

Count 3 alleges that plaintiff was denied adequate access to discovery during the arbitration proceedings. Complaint ¶ 59. In particular, plaintiff complains that the City refused to provide him with the handwritten notes of Ms. Warr, one of the discrimination complainants, although the City relied on those notes in terminating plaintiff. This claim does not constitute a cognizable federal constitutional violation. In *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985), the Supreme Court set forth the minimum due process requirements that must be satisfied prior to termination of a public employee. These include "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* at 546. Plaintiff does not assert that he was denied notice of the charges against him or denied an opportunity to respond to the charges.

---

[4] The one published Ninth Circuit decision the Court was able to locate, *Kam-Ko Bio-Pharm Trading Co., Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 941-42 (9th Cir. 2009), rejected a cost-related claim in the commercial context, but recognized that cost-sharing provisions are subject to challenge in the employment context.

Rather, he contends that the chief arbitrator's decision to deny pre-hearing depositions and document discovery violates California Civil Procedure Code § 1283.05, which provides that "depositions may be taken and discovery obtained in arbitration proceedings" to the same extent as during proceedings in state court, except that depositions "shall not be taken unless leave to do so is first granted by the arbitrator." First, as the Court has stated above, plaintiff cannot premise a Section 1983 claim on a violation of state law. *See Paul*, 424 U.S. at 699-700. Second, the arbitration hearing transcript attached to plaintiff's complaint establishes that he had the opportunity to cross-examine the City's witnesses and to present numerous witnesses of his own. *See* ex. D to Complaint. In addition, plaintiff did receive discovery of numerous documents from the City, including the handwritten notes to which he claims he lacked access. *See* ex. 5 & 6 to McClain Decl. Given that the allegations in plaintiff's complaint are undermined by this other evidence, plaintiff cannot, as a matter of law, state a claim for due process violations in relation to the limitations on discovery imposed in the termination proceedings. Plaintiff's Third Cause of Action must therefore be DISMISSED WITH PREJUDICE.

Count 4 alleges that plaintiff's right to due process was violated because the arbitrators "failed to review the evidence in accordance with the constitutional clear and convincing evidence standard for the removal of public employees." Complaint ¶ 65. Even assuming that plaintiff could properly sue the City for actions by the arbitration panel, plaintiff fails to cite, and the Court was unable to find, any authority stating that a clear and convincing evidence standard is constitutionally required in an employee termination hearing. Rather, such hearings are typically governed by a "just cause" standard, which is "not a constitutional or even a statutory right; rather it is a contractual right to be decided and governed by the bargaining between the parties." *Nemsky v. ConocoPhillips Co.*, 574 F.3d 859, 868 (7th Cir. 2009). Accordingly, because plaintiff cannot allege a constitutional violation as a matter of law, plaintiff's Fourth Cause of Action is DISMISSED WITH PREJUDICE.

Count 5 alleges that defendant engaged in a conspiracy to violate plaintiff's due process rights by disclosing the investigative report in order to ensure plaintiff's termination. Complaint ¶¶ 70-71. Plaintiff's claim is presumably premised on 42 U.S.C. § 1985, which creates a cause of action for conspiracy to interfere with civil rights. However, "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." *Caldeira v. County of*

7

*Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989). Therefore, because plaintiff's claim for release of the investigative report is not cognizable as a Section 1983 violation, it cannot form the basis of a Section 1985 conspiracy claim. Plaintiff's Fifth Cause of Action is therefore DISMISSED WITH PREJUDICE.

Finally, to the extent Counts 1 through 5 seek punitive damages under California Civil Code § 3294[5] due to oppressive, fraudulent, or malicious conduct, these claims are barred both because 42 U.S.C. § 1983 does not extend to state law violations and because Civil Code Section 3294 does not apply to public entities. *See* Cal. Gov't Code § 818 ("[A] public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant.").

### B. Count 6: Gender Discrimination

Plaintiff's Sixth Cause of Action alleges that defendant violated California's anti-discrimination statute, Cal. Gov't Code § 12940,[6] when it allegedly

> planned and conspired to wrongfully terminate PLAINTIFF because of his gender . . . , sought to ruin PLAINTIFF'S 30+ years of stellar law enforcement work by making weak and false allegations, akin to defamation and slander, and singl[ed] out PLAINTIFF for unwarranted discipline, all for the purposes of appeasing COMPLAINANTS and treating PLAINTIFF differently than others similarly situat[ed] because of his gender.

Complaint ¶ 79. Defendant moves to dismiss this cause of action on the ground the allegations are too conclusory to state a claim. In his opposition, plaintiff's only response is that the Court must assume the truth of his allegations. While plaintiff is correct that the Court must take his allegations as true, that fact cannot save him if those allegations are simply too conclusory to adequately plead the elements of the claim asserted. The Court agrees with defendant that plaintiff fails to state claim for gender discrimination. Plaintiff has done no more than state in a conclusory fashion that defendant terminated

---

[5] This statute is erroneously cited throughout the complaint as "Civ. Code § 2394."

[6] To state a claim for gender discrimination under California law, plaintiff must allege the following elements: (1) membership in a protected class; (2) discriminatory animus on the part of the employer toward members of that class; (3) an adverse employment action; (4) a causal link between the discriminatory animus and the adverse action; (5) damage to the employee; and (6) a causal link between the adverse action and the damage. *Mamou v. Trendwest Resorts, Inc.*, 81 Cal. Rptr. 3d 406, 428 (Cal. Ct. App. 2008).

8

him "because of his gender." He has failed entirely to allege any facts that would tend to establish the elements of his claim and render it "plausible on its face." *Twombly*, 550 U.S. at 570.

Defendant argued for the first time in its reply brief that plaintiff's gender discrimination claim is time-barred because it was not brought within one year of the date plaintiff received his right-to-sue letter from the California Department of Fair Employment and Housing. *See* Cal. Gov't Code § 12965(b) (discrimination complaint must be filed within one year of receipt of right-to-sue letter). As previously noted by this Court, plaintiff received his right-to-sue letter on June 7, 2008; the complaint in the present action was filed on September 30, 2009, more than one year later. Although it appears plaintiff's action was filed outside the limitations period, the Court is hesitant to dismiss the claim with prejudice at this time. The fact that defendant failed to raise this issue until its reply brief deprived plaintiff of the chance to raise any equitable tolling arguments. Accordingly, this claim is DISMISSED WITH LEAVE TO AMEND. Should plaintiff choose to amend his complaint, he should include allegations regarding the statute of limitations and/or equitable tolling.

### C. Counts 7 & 8: Termination in Violation of Public Policy, Breach of Duty of Confidentiality

Plaintiff's Seventh and Eighth Causes of Action both relate to the disclosure of the investigative report by Assistant City Attorney Fowler. Count 8, alleging breach of the duty of confidentiality, states that Ms. Fowler's "unauthorized release" of the report "tainted" the investigative process and deprived plaintiff of his rights to privacy and due process. Count 7 states that plaintiff was terminated as a result of his having spoken out about the release of the report.

Count 8 is identical to the Tenth Cause of Action in plaintiff's complaint in *Mitchel I*. As the Court previously held in dismissing this claim, California's litigation privilege bars a claim against the City for publication of the investigator's report, which was prepared in anticipation of litigation regarding claims of gender discrimination by the City's employees.[7] *See* Oct. 7, 2008 Order at *6.

---

[7] The litigation privilege, codified at California Civil Code § 47, "applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Jacob B. v. County of Shasta*, 154 P.3d 1003, 1007 (Cal. 2007) (citation omitted).

9

Plaintiff contends that the litigation privilege no longer applies to the release of the report because he "now knows that there was no such litigation contemplated or planned, in accordance with sworn and uncontroverted testimony of one of the complainants." However, the testimony cited in the complaint states only that one of the complainants, Ms. Warr, was initially unsure whether she would bring suit. Complaint ¶ 23. Because the litigation privilege applies with equal force prior to a lawsuit, when litigation is merely anticipated, plaintiff's contention is meritless and his Eighth Cause of Action must be DISMISSED WITH PREJUDICE to the extent it relies on release of the report. *See Ascherman v. Natanson*, 100 Cal. Rptr. 656, 659 (Cal. Ct. App. 1972) (litigation privilege applies to "preliminary conversations and interviews" related to a contemplated action).

Plaintiff's Seventh Cause of Action alleges that he was terminated in retaliation for speaking out about disclosure of the report. The Court previously dismissed this claim on the ground plaintiff failed to plead compliance with the California Tort Claims Act, under which "no suit for 'money or damages' may be brought against a public entity until a written claim therefor has been presented to the public entity and either has been acted upon or is deemed to have been rejected." *Alliance Fin. v. City & County of San Francisco*, 75 Cal. Rptr. 2d 341, 344 (Cal. Ct. App. 1998) (citing Cal. Gov't Code §§ 905, 945.4). Plaintiff still provides no information regarding whether he presented this termination-related claim to defendant prior to bringing suit. At oral argument, the Court inquired of the parties whether submission to arbitration satisfies the Tort Claims Act's exhaustion requirement. Based on counsel's arguments, the Court is of the view that an arbitration conducted by a panel of neutrals did not fulfill the requirement that plaintiff submit his retaliation-related claims "*to the public entity*," that is, the City. Plaintiff's Seventh Cause of Action is therefore DISMISSED WITH LEAVE TO AMEND.

### D.     Count 9: Temporary and Permanent Injunctive Relief

Plaintiff's Ninth Cause of Action seeks temporary and permanent injunctive relief. According to the complaint, Section 21 of the City Charter provides that only the Chief of Police has the authority to terminate police officers. Plaintiff thus alleges that his termination by Deputy City Manager Jeff Kolin was an "ultra vires act in contravention of" the Charter. Complaint ¶ 99. Plaintiff purports to seek an injunction against "defendants' act of terminating plaintiff" through the City Manager rather

than the Chief of Police. *Id.* ¶ 100.

Defendant is correct that, ordinarily, a former employee lacks standing to pursue injunctive relief against his employer. *See Walsh v. Nev Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (plaintiff lacked standing to enjoin policy of former employer because "she would not stand to benefit from [the] injunction"). However, the Ninth Circuit has expressly carved out an exception to this rule in the case of former employees who are "in the process of seeking reinstatement to their former positions." *Id.* Here, plaintiff seeks reinstatement. *See* Complaint ¶¶ 112-113; Prayer for Relief ¶ 6. Therefore, the Court finds that plaintiff does not lack standing to pursue injunctive relief and DENIES the motion to dismiss plaintiff's Ninth Cause of Action.

### E. Count 10: Writ of Administrative Mandamus

Plaintiff's Tenth Cause of Action, brought under California Civil Procedure Code § 1094.5, seeks a writ of administrative mandamus compelling the arbitration panel to set aside its decision and provide plaintiff with another hearing. In support of this claim, plaintiff alleges that the arbitration panel failed to allow him adequate access to discovery during the first hearing, violated his rights under the California Peace Officers' Bill of Rights by hearing testimony from three witnesses without advising plaintiff that those witnesses had complaints against him, and heard "tainted evidence" in the form of testimony from complainants who had seen the investigative report.

Defendant moves to dismiss this claim on the ground it was not brought within the applicable statute of limitations. Petitions for judicial review of arbitration decisions "shall be filed not later than the 90th day following the date on which the decision becomes final." Cal. Civ. Proc. Code § 1094.6(b). Defendant contends that because plaintiff challenges only "two discrete acts" – the April 7, 2008 issuance of the Notice of Intent to Render Discipline and the July 18, 2008 decision to limit discovery – plaintiff's action is time-barred because it was not brought within 90 days of either of those two actions. Defendant ignores, however, that plaintiff challenges the procedure by which the entire hearing was conducted, including the panel's ongoing consideration of certain evidence now challenged by plaintiff. Therefore, because plaintiff's claim was brought within ninety days of the issuance of the panel's July 11, 2009 decision, his claim is not barred by the statute of limitations.

11

Defendant further contends that plaintiff cannot state a claim for a writ of mandate because such a writ may be issued only "where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." Cal. Civ. Proc. Code § 1086. Defendant asserts that because plaintiff "could be made whole through one of his 12 other claims," his request for a writ must be dismissed. The Court finds that dismissal on that ground would be premature at this time. The writ may turn out to be an appropriate remedy if all other remedies are later found to be unavailable to plaintiff. Accordingly, defendant's motion to dismiss plaintiff's Tenth Cause of Action is DENIED without prejudice to renewal at a later date.

### F. Counts 11 & 12: POBOR Violations

Plaintiff's Eleventh and Twelfth Causes of Action allege that defendant violated the POBOR, California Government Code § 3300 et seq., by failing to provide him with an opportunity to respond to the investigative report, advise him of the names of all the complainants, or turn over all written allegations (including handwritten and email communications) to him prior to the arbitration hearing, and by issuing a Notice of Intent to Render Discipline that was unconstitutionally vague.

Several of plaintiff's POBOR claims fail as a matter of law. First, plaintiff's contention that he was not provided an opportunity to respond to the report, in violation of California Government Code § 3306 ("A public safety officer shall have 30 days within which to file a written response to any adverse comment entered in his personnel file."), is belied by the record. Plaintiff was provided with a copy of the original report on March 14, 2008, and with supplements to that report on April 7, 2008, *see* ex. D to Def. Reply RJN, and the arbitration hearing did not commence until well after thirty days later. Similarly, plaintiff fails to state a claim for constitutional defects in the Notice of Intent to Render Discipline. Plaintiff contends that the Notice was "vague as to the complainants" whose allegations gave rise to the termination proceedings because the Notice did not list the all the complainants, but simply made reference to the report. However, plaintiff fails to identify any authority providing that notice of the reasons underlying an impending termination cannot be provided through an accompanying investigative report, rather than in the termination letter itself.

Plaintiff's remaining POBOR claims consist of contentions regarding the scope of pre-

termination hearing discovery; plaintiff seeks damages in the amount of $25,000 for each alleged POBOR violation. These remaining contentions fail for the reason that plaintiff has not alleged he submitted his claim to the City before bringing suit, as required under the California Tort Claims Act.

In sum, plaintiff's Eleventh and Twelfth Causes of Action are DISMISSED WITH PREJUDICE insofar as the claims pertain to receipt of the investigative report and the Notice of Intent letter, and DISMISSED WITH LEAVE TO AMEND to allege compliance with the Tort Claims Act insofar as the claims pertain to pre-termination discovery.

### G.     Count 13: Petition to Vacate Arbitration Award

Plaintiff's Thirteenth Cause of Action seeks vacatur of the arbitration award on two grounds: first, that the arbitration panel improperly refused to consider plaintiff's POBOR arguments, and second, that arbitrator Kathleen Kelly engaged in misconduct.[8]

Under California law, a court may vacate an arbitration decision on any of the following grounds:

> (1) The award was procured by corruption, fraud or other undue means.
> (2) There was corruption in any of the arbitrators.
> (3) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator.
> (4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted.
> (5) The rights of the party were substantially prejudiced by the . . . refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title.
> (6) An arbitrator making the award either . . . failed to disclose within the time required for disclosure a ground for disqualification of which the arbitrator was then aware; or . . . was subject to disqualification . . . but failed upon receipt of timely demand to disqualify himself or herself[.]

Cal. Civ. Proc. Code § 1286.2.

The arbitration panel declined to consider plaintiff's POBOR contentions after concluding that it lacked jurisdiction to do so. *See* ex. E to Complaint at 4 n.1 ("Mitchel also asserted that the City

---

[8] Plaintiff also contends that the panel refused to allow him discovery and permitted the City to present evidence of Ms. Warr's complaint without producing her handwritten notes. These claims have been rejected above and will not be addressed again here.

13

1 violated various provisions of [POBOR]. The superior court exercises exclusive jurisdiction for causes
2 of action stated under this statutory scheme."). Although plaintiff is correct that POBOR nowhere
3 specifies that superior courts have "exclusive" jurisdiction over asserted violations of the statute, he fails
4 to recognize that the statute does state that the "superior court shall have *initial* jurisdiction" over such
5 claims. Cal. Gov't Code § 3309.5(c). In the Court's view, plaintiff cannot, as a matter of law, show that
6 the panel exceeded its powers, substantially prejudiced plaintiff by concluding it could not consider the
7 POBOR claims, or committed any other act justifying vacatur of the decision.

8 Plaintiff next alleges that arbitrator Kelly engaged in ex parte communications with the City and
9 then "unduly influenced the neutral chair with information taken outside the hearing process."
10 Plaintiff's conclusory allegation of misconduct, unsupported by any specific factual allegations, does
11 no more than raise a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949.
12 Accordingly, plaintiff's Thirteenth Cause of Action is DISMISSED WITH LEAVE TO AMEND as to
13 the allegations of misconduct by arbitrator Kelly.[9]

### II. Motion for Rule 11 Sanctions

16 Defendant seeks Rule 11 sanctions against plaintiff and his counsel on a number of grounds,
17 including that many of the causes of action were previously found untenable by this Court and that the
18 allegations of misconduct in the SRPD and by arbitrator Kelly are unsubstantiated. Defendant seeks
19 three forms of sanctions: a monetary penalty payable to the Court, an award of attorney's fees incurred
20 in filing the motion for sanctions and motion to dismiss, and a pre-filing order requiring plaintiff's
21 counsel, Mr. Lewis, to obtain leave of Court before filing any new complaints on plaintiff's behalf.

22 First, defendant seeks sanctions for the complaint's allegations regarding arbitrator Kelly.
23 Defendant asserts that plaintiff's counsel undertook no investigation before leveling conclusory
24 allegations of misconduct against Ms. Kelly. Second, defendant seeks sanctions for the complaint's
25 statements regarding misconduct in the SRPD, including that defendant falsified evidence and bribed
26 the complainants and other witnesses against plaintiff in order to ensure his termination. Defendant

---

[9] Defendant contends that the allegations are "unfounded" and submits a declaration by Ms. Kelly in rebuttal. The Court declines to consider this evidence in ruling on the motion to dismiss.

14

asserts that plaintiff's counsel likewise failed to undertake any investigation of the factual basis of these claims. Third, defendant seeks sanctions for the reassertion of causes of action previously found untenable by this Court, including the causes of action for 42 U.S.C. § 1983 violations based on state law and the causes of action the Court has now twice found barred by the litigation privilege.

Although the Court finds that sanctions are not warranted at this time, the Court agrees with defendant that plaintiff's and counsel's conduct may ultimately prove to be sanctionable. For instance, the Court agrees that the re-filing of causes of action previously found untenable, including the asserted Section 1983 violations based on state law and the claim barred by the litigation privilege, was improper. The Court also finds that plaintiff's gender discrimination claim is pled in such a conclusory and implausible manner as to render the claim frivolous. Additionally, plaintiff's half-page argument in opposition to the motion for sanctions provides no basis for finding that counsel undertook any investigation before making serious allegations of misconduct against both SRPD and Ms. Kelly. If these allegations ultimately prove to be unfounded, sanctions may indeed be warranted. Accordingly, the motion for sanctions is DENIED at this time, but without prejudice to renewal by defendant at a later stage in these proceedings, once the merits of plaintiff's surviving claims have been addressed.

Finally, defendant moves to strike the declarations submitted by plaintiff's counsel Mr. Lewis in support of plaintiff's opposition to the motion for sanctions and plaintiff's opposition to the motion to dismiss. Defendant argues that the declaration consists of a number of irrelevant, conclusory and argumentative statements, statements for which Mr. Lewis lacks personal knowledge, and hearsay statements. Although the Court generally agrees with defendant that many of the statements in Mr. Lewis's declarations are improper and argumentative, the Court denies the motion to strike. Plaintiff's counsel is cautioned, however, that he should exercise care when drafting any future declarations to be submitted to this Court.[10]

---

[10] As for defendant's objections to statements in plaintiff's opposition brief, the Court has already addressed many of the mischaracterizations defendant identifies, and did not rely on any of the challenged statements in holding that some of plaintiff's causes of action are not subject to dismissal.

15

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS the motion to dismiss the First, Second, Third, Fourth, Fifth, Eighth, and part of the Eleventh and Twelfth Causes of Action with prejudice, GRANTS the motion to dismiss the Sixth, Seventh, Thirteenth, and part of the Eleventh and Twelfth Causes of Action with leave to amend, and DENIES the motion to dismiss the Ninth and Tenth Causes of Action. (Docket Nos. 14, 29, 31). The Court DENIES defendant's motion for sanctions without prejudice to renewal on a fuller record. (Docket No. 34).

**If plaintiff wishes to file an amended complaint, he must do so no later than March 5, 2010.**

**IT IS SO ORDERED.**

Dated: February 17, 2010

SUSAN ILLSTON
United States District Judge