IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. MITCHEL, | No. C 09-05004 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND GRANTING IN PART DEFENDANT'S MOTION FOR SANCTIONS** |
| v. | |
| CITY OF SANTA ROSA, | |
| Defendant. | |

Defendant's motion to dismiss plaintiff's Second Amended Complaint and defendant's motion for sanctions are currently set for hearing on April 30, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

**BACKGROUND**

This case arises out of plaintiff James Mitchel's termination from his employment as a Police Captain with the Santa Rosa Police Department ("SRPD"), and from a decision by an arbitration panel that plaintiff was terminated with just cause. A detailed factual and procedural background of the case is set forth in the Court's February 17, 2010 order granting in part and denying in part defendant City of Santa Rosa's ("City") motion to dismiss plaintiff's complaint and denying the City's motion for sanctions against plaintiff and his counsel. (Docket No. 60).

Plaintiff's original complaint contained thirteen causes of action: (1-4) violation of the right to due process; (5) conspiracy to violate due process; (6) gender discrimination; (7) wrongful termination in violation of public policy; (8) breach of the duty of confidentiality; (9) injunctive relief; (10) writ of

administrative mandamus; (11-12) violations of California's Public Safety Officers Procedural Bill of Rights ("POBOR"); and (13) petition to vacate the arbitration decision. On the City's previous motion to dismiss, the Court dismissed claims 1-5, 8, and parts of claims 11 and 12 with prejudice, and dismissed claims 6, 7, 13, and the remaining portions of claims 11 and 12 with leave to amend. Plaintiff then filed a Second Amended Complaint ("SAC") in which he alleges claims for gender discrimination, wrongful termination in violation of public policy, and POBOR violations, and seeks temporary and permanent injunctive relief and a writ of administrative mandamus ordering the arbitration panel to set aside its decision and provide plaintiff with another hearing.

Presently before the Court are the City's motion to dismiss the SAC and the City's renewed motion for sanctions against plaintiff and his counsel.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

**I.    Motion to Dismiss**

   **A.    Termination-Related Claims**

As discussed in the Court's previous order, the dispute over plaintiff's termination was submitted

to binding arbitration pursuant to Section 56 of the Santa Rosa City Charter in May 2008, on plaintiff's request. Ultimately, on July 10, 2009, the arbitration panel found that the City had just cause for terminating plaintiff, including that plaintiff had engaged in dishonest and unprofessional conduct. Plaintiff's previous complaint sought to vacate the arbitration decision under California Civil Procedure Code § 1286.2[1] on the ground that one of the arbitrators, Kathleen Kelly, engaged in misconduct by having ex parte communications with the City during the arbitration proceedings. In dismissing this claim, the Court stated that plaintiff's "conclusory allegation of misconduct, unsupported by any specific factual allegations, does no more than raise a 'sheer possibility that a defendant has acted unlawfully.'" Feb. 17, 2010 Order at *14 (quoting *Iqbal*, 129 S. Ct. at 1949). The Court further observed that plaintiff had provided "no basis for finding that counsel undertook any investigation before making serious allegations of misconduct against both SRPD and Ms. Kelly." *Id.* at 15.

Plaintiff's SAC omits any reference to supposed misconduct by Ms. Kelly, and no longer seeks vacatur of the arbitration decision on any ground listed in Cal. Civ. Proc. Code § 1286.2. By omitting any claim that the arbitration decision should be vacated, plaintiff essentially concedes the validity of the arbitration panel's ruling. Thus, any remaining causes of action arising from plaintiff's termination must be dismissed. *See Moncharsh v. Heily & Blase*, 832 P.2d 899, 904 (Cal. 1992) (where parties to a contract agree to binding arbitration, the decision of the arbitrators is not subject to judicial review absent a showing that vacatur is warranted for a reason provided by Cal. Civ. Proc. Code § 1286.2). Plaintiff's Sixth, Seventh, Ninth, and Tenth Causes of Action are therefore DISMISSED with prejudice.[2]

---

[1] "[T]he court shall vacate the [arbitration] award if the court determines any of the following:

(1) The award was procured by corruption, fraud or other undue means. (2) There was corruption in any of the arbitrators. (3) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator. (4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. (5) The rights of the party were substantially prejudiced by the . . . refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title. (6) An arbitrator . . . failed to disclose . . . a ground for disqualification[.]"

[2] Additionally, the Court points out that plaintiff's Tenth Cause of Action, for an administrative writ of mandamus, is based on California Civil Procedure Code § 1094.5. The California Supreme Court has expressly held that a writ under Section 1094.5 is not available to challenge the result of an arbitration proceeding. *Brosterhous v. State Bar*, 906 P.3d 1242, 1255 n.8 (Cal. 1995).

### B. POBOR Claims

Plaintiff's POBOR claims challenge the lack of discovery in connection with his pre-termination hearing. Because the POBOR claims were not considered by the arbitration panel and constitute a separate claim related not to the termination itself, but to the fairness of the termination procedure, the Court will consider these claims separately.

The Court previously dismissed plaintiff's POBOR claims "for the reason that plaintiff has not alleged he submitted his claim to the City before bringing suit, as required under the California Tort Claims Act." Feb. 17, 2010 Order at *13. The Tort Claims Act provides that "no suit for 'money or damages' may be brought against a public entity until a written claim therefor has been presented to the public entity and either has been acted upon or is deemed to have been rejected." *Alliance Fin. v. City & County of San Francisco*, 75 Cal. Rptr. 2d 341, 344 (Cal. Ct. App. 1998) (citing Cal. Gov't Code §§ 905, 945.4). The City again moves to dismiss the POBOR claims on the ground plaintiff still has not shown that he submitted a tort claim to the City prior to bringing suit.

There is no dispute that plaintiff submitted his sole tort claim to the City on May 22, 2008, eight days before plaintiff's termination became final. *See* Tort Claim, Ex. A to McClain Decl.[3] The Tort Claim stated only that plaintiff's claim was based on "incidents of 2008," and directed the City to a "draft complaint sent to counsel for city on May 20, 2008." *Id.* The draft complaint, in turn, listed eleven claims, ten of which pertained to the disclosure by the City of plaintiff's private personnel files, and the eleventh of which alleged gender discrimination. *See* Draft Complaint, Ex. B to McClain Decl.[4] Plaintiff argues that this submission was sufficient to put the City on notice of the discovery-related POBOR claims because "only notice of a potential suit is required." Oppo. to Mot. to Dismiss at 3. Plaintiff contends that he was not required to "file a new tort claim for every violation in a series of connected and interrelated facts." *Id.* at 7.

The Court agrees with plaintiff that, in general, a person seeking to bring a tort claim against a

---

[3] The Court grants the City's request for judicial notice of this document, which is incorporated by reference into the complaint. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (in ruling on a 12(b)(6) motion, the court may consider "documents incorporated into the complaint by reference").

[4] The Court also grants the request for judicial notice of this document, for the same reason.

4

California public entity need not inundate the entity with separate tort claims for each alleged violation. *See* Cal. Gov. Code § 910(d) (a tort claim must contain "[a] general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim"); *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 99 P.3d 500, 502 (Cal. 2004) (a tort claim "need not contain the detail and specificity required of a pleading, but need only fairly describe what the entity is alleged to have done") (quotation marks, citation and alteration omitted). The cases plaintiff cites, however, underscore the fact that a claimant's submission must provide the entity with sufficient notice of the claims to enable it to investigate the allegations. *See Stockett*, 99 P.3d at 502 (noting that "the purpose of [a tort] claim is to give the government entity notice sufficient for it to investigate and evaluate the claim" and holding that plaintiff was entitled to raise at trial additional theories underlying the wrongful termination claim raised in his tort claim); *Alliance Fin.*, 75 Cal. Rptr. 2d at 345-46 (invoices and letters that did not formally comply with Tort Claims Act requirements were nonetheless sufficient to put the public entity on notice of the substance of the claims).

Here, plaintiff provided the City with a detailed draft complaint which was almost entirely focused on his challenge to the City Attorney's dissemination of plaintiff's interview report. The draft complaint was not sufficient to put the City on notice of plaintiff's entirely distinct claim that he was not afforded sufficient pre-termination hearing discovery.[5] Because plaintiff has failed to submit his POBOR claims to the City as required under the Tort Claims Act, his Eleventh and Twelfth Causes of Action must be DISMISSED with prejudice.

---

[5] Plaintiff also suggests that the City "waived" any objection to the sufficiency of his tort claim by failing to ask for clarification regarding the range of claims he intended to include. Plaintiff relies on California Government Code § 911, which provides, "Any defense as to the sufficiency of the claim based upon a defect or omission in the claim as presented is waived by failure to give notice of insufficiency with respect to the defect or omission as provided in Section 910.8." Section 910.8, however, states only that the public entity must provide the claimant with notice of his or her failure to comply with certain specified requirements, including that the claim contain the claimant's name and address, signature, the date and place of the circumstances giving rise to the claim, a general description of the claim, the names of the public employees involved, and the amount of the damages claimed. Cal. Gov. Code § 910.8. In the Court's view, a public entity cannot be expected to anticipate claims of which a claimant entirely fails to provide notice, and does not waive all objection or opposition to a claim by failing to notify the claimant of his or her omission.

5

**II.     Motion for Sanctions**

Under Federal Rule of Civil Procedure 11, a court may impose sanctions against a party or attorney when a complaint is filed for an improper purpose such as harassment or delay, includes claims that are unwarranted under existing law or a nonfrivolous argument for extension of the law, or contains factual allegations lacking in evidentiary support. Fed. R. Civ. P. 11(b), (c). When evaluating whether a complaint is frivolous or without evidentiary support, the court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quotation marks and citation omitted).

As an initial matter, plaintiff contends that the motion for sanctions must be denied because the City failed to comply with Rule 11's 21-day safe harbor rule, pursuant to which a party seeking sanctions must notify the opposing party of the conduct it believes to be sanctionable and allow that party 21 days to "withdraw[] or appropriately correct[]" the error before seeking the Court's intervention. *See* Fed. R. Civ. P. 11(c)(2). Plaintiff asserts that the City did not provide plaintiff with a 21-day safe harbor before filing its renewed motion for sanctions. The Ninth Circuit has expressly held, however, that a party seeking Rule 11 sanctions need not satisfy a second safe harbor period when it renews a motion for sanctions based on conduct that was named in a previous motion. *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005). Here, there is no dispute that the City complied with Rule 11's safe harbor provision in connection with its first motion; additionally, as discussed below, the primary basis for imposing sanctions concerns allegations made in the previous version of the complaint – conduct of which plaintiff and his counsel received notice in the first sanctions motion. Accordingly, the Court concludes that the City's sanctions motion is properly filed and will proceed to consider its merits.[6]

The City moves for Rule 11 sanctions against plaintiff and his attorney, Scott Lewis, on several grounds, including that many of the legal and factual contentions in the SAC are without support and that plaintiff and Mr. Lewis failed to investigate the allegations of misconduct against Ms. Kelly before

---

[6] Plaintiff also asserts that the sanctions motion fails to identify the challenged conduct with sufficient specificity. This assertion is without merit.

6

filing the previous version of the complaint. The City seeks sanctions in the form of attorneys' fees, a monetary penalty to the Court, and a pre-filing order requiring Mr. Lewis to obtain leave of Court before filing any other actions on plaintiff's behalf.

The Court agrees with the City that some of plaintiff's and Mr. Lewis's conduct is sufficiently serious to warrant sanctions. In particular, the Court is troubled by the circumstances surrounding the misconduct allegations against Ms. Kelly. In the previous version of the complaint, plaintiff made serious but vague allegations that Ms. Kelly had acted improperly in her role as an arbitrator. After being advised by the Court that any such claim against Ms. Kelly needed to be supported by specific factual allegations, plaintiff completely omitted the claim from his SAC. The Court agrees with the City that the most reasonable inference to be drawn is that plaintiff and Mr. Lewis never had a legitimate factual basis to level accusations of misconduct against Ms. Kelly. Indeed, in opposing the motion for sanctions, Mr. Lewis never states what, if any, factual investigation he undertook before bringing this claim. This is insufficient to meet his duty to "conduct[] a reasonable and competent inquiry" before filing a pleading. *Christian*, 286 F.3d at 1127.

The Court does not believe it is appropriate to impose a monetary penalty to the Court or a pre-filing order, and DENIES the motion for these forms of sanctions. However, the Court GRANTS the City's request for sanctions in the form of attorneys' fees incurred in defending this action. *See* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule . . . . may include . . . an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."). The Court believes that an award of fees is particularly appropriate in this case in light of the fact that plaintiff brought suit despite an agreement requiring binding arbitration of employment disputes precisely in order to avoid the expense of litigation.

Upon submission by defense counsel of a declaration setting forth the reasonable fees incurred in defending this action, the Court will determine the proper amount of fees to be awarded. Defense counsel should submit a declaration to the Court no later than **May 14, 2010**, and plaintiff may file any objections by **May 21, 2010.**

///

7

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss without further leave to amend; and GRANTS in part defendant's motion for sanctions. (Docket Nos. 62, 64).

**IT IS SO ORDERED.**

Dated: April 26, 2010

SUSAN ILLSTON
United States District Judge