IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. MITCHEL, | No. C 09-05004 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| v. | |
| CITY OF SANTA ROSA, | |
| Defendant. | |

On April 26, 2010, the Court issued an order granting defendant's motion to dismiss the Second Amended Complaint and dismissed plaintiff's claims with prejudice. Plaintiff now seeks leave to file a motion for reconsideration based on a California Supreme Court decision issued on the same day this Court filed its order. In that decision, *Pearson Dental Supplies, Inc. v. Superior Court*, No. S167169, 2010 WL 1644049, at *9 (Cal. Apr. 26, 2010), the California Supreme Court held that "an arbitrator whose legal error has barred an employee subject to a mandatory arbitration agreement from obtaining a hearing on the merits of a claim based on [an unwaivable statutory] right has exceeded his or her powers . . . and the arbitrator's award may properly be vacated."

The California Supreme Court's holding in *Pearson* dealt with an arbitrator's erroneous conclusion that the plaintiff's employment discrimination claim was time-barred under the limitations period set forth in the mandatory arbitration agreement. Thus, the court held that, if the error were permitted to stand, "the employee will be unable to receive a hearing on the merits of his FEHA claims *in any forum*." *Id.* at *8 (original emphasis). The Court does not believe that the holding in *Pearson* provides a basis to challenge the arbitration decision in this case. Here, plaintiff was not prevented from obtaining a hearing on alleged violations of his rights in any forum. He obtained such a hearing before

an arbitration panel, but now disagrees with that panel's decision. *Pearson* does not encompass plaintiff's situation.

Additionally, to the extent plaintiff claims that he was deprived of his statutory rights under POBOR by the arbitration panel's failure to consider those claims, the Court notes that it addressed the POBOR claims separately in its April 26 order and concluded that those claims were subject to dismissal based on plaintiff's failure to comply with the California Tort Claims Act. The decision in *Pearson* does not affect that conclusion.

Plaintiff's motion for leave to file a motion for reconsideration is DENIED. (Docket No. 76).

**IT IS SO ORDERED.**

Dated: May 4, 2010

SUSAN ILLSTON
United States District Judge