IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. MITCHEL, | No. C 09-05004 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S REQUEST FOR ATTORNEYS' FEES** |
| v. | |
| CITY OF SANTA ROSA, | |
| Defendant. | |

On April 26, 2010, the Court issued an order granting defendant's motion to dismiss plaintiff's Second Amended Complaint without leave to amend and granting defendant's request for Rule 11 sanctions in the form of attorneys' fees. Apr. 26, 2010 Order at *7 (Docket No. 75). The Court directed defense counsel to submit a declaration stating the reasonable attorneys' fees incurred in defending this action. Having received defendant's submission and plaintiff's response, the Court now GRANTS defendant's request for attorneys' fees, as set forth below.

**DISCUSSION**

As a general rule, the amount of reasonable attorneys' fees incurred in litigating an action should be calculated according to the "lodestar" method. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is determined by multiplying "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The party seeking fees must submit evidence supporting the hours worked and the rates requested. *Id.* at 434. In determining the number of hours reasonably expended, the court should exercise its discretion to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id.*

Attorneys' fees imposed as a Rule 11 sanction must arise directly from the cost of defending against the offending pleading(s). Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule . . . . may include . . . an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."). In other words, the Court may not simply impose the fees expended in defending the entire action, but must take care to itemize the fees requested in order to insure that the "[r]ecovery [does not] exceed those expenses and fees that were reasonably necessary to resist the offending action." *Matter of Yagman*, 796 F.2d 1165, 1185 (9th Cir. 1986). "The measure to be used is not actual expenses and fees but those the court determines to be reasonable." *Id.* (quotation marks and citation omitted).

## I.   Number of Hours

Defense counsel's May 13, 2010 declaration seeks fees for the defense of this entire action, beginning with the Notice of Removal and ending with the filing of this fee request. McClain Decl. ¶ 5 (Docket No. 79). In keeping with the aforementioned limitations on the appropriate scope of Rule 11 sanctions, however, the Court finds that only the fees incurred in defending against the Second Amended Complaint and the fees related to filing the present request are recoverable. *See Margolis v. Ryan*, 140 F.3d 850, 854-55 (9th Cir. 1998) (request for Rule 11 fees may include the amount incurred in bringing the fee motion itself). Plaintiff and plaintiff's counsel were first put on notice in the Court's order dismissing the First Amended Complaint originally filed in state court that the Court was considering the possibility of imposing sanctions as a result of plaintiff's unsupported claims. *See* Feb. 17, 2010 Order (Docket No. 60). Plaintiff's filing of the Second Amended Complaint confirmed the unsupported nature of those claims, and it is that filing which, in the Court's view, properly gives rise to sanctions.

Defendant seeks the following hours for each attorney's and paralegal's efforts in defending against the Second Amended Complaint and in bringing this fee request:

1.   Maureen McClain:   3 hours on reply to motion to dismiss SAC; 1.3 hours on reply to renewed motion for sanctions; .5 hours on review of plaintiff's motion for reconsideration; 5 hours on fee request

2.   Constance Norton:   27.4 hours on motion to dismiss SAC; 19.1 hours on reply to

2

|   |   |   |   |
|---|---|---|---|
|   |   |   | motion to dismiss SAC; 6.9 hours on renewed sanctions motion; 7.1 hours on reply to renewed sanctions motion |
|   | 3. | Dalene Bramer: | 1 hour on motion to dismiss SAC |
|   | 4. | Molly Agarwal: | 1.2 hours on reply to motion to dismiss SAC; 1.3 hours on reply to renewed motion for sanctions |
|   | 5. | Pamela Wolpa: | 16.3 hours on motion to dismiss SAC; 8.1 hours on reply to motion to dismiss SAC; 1.8 hours on reply to renewed motion for sanctions; 15 hours on fee request |

McClain Decl. ¶ 5. Plaintiff does not specifically oppose any of these hours by claiming that they are excessive or duplicative,[1] and the Court finds that the number of hours claimed by defendant are reasonable in view of the number and the complexity of the issues raised in the complaint. The Court observes also that defense counsel has excluded time determined to be unrecoverable, including time expended by Santa Rosa City Attorney Caroline Fowler. Accordingly, the Court will award fees for <u>9.8 hours of Ms. McClain's time, 60.5 hours of Ms. Norton's time, 1 hour of Ms. Bramer's time, 2.5 hours of Ms. Agarwal's time, and 41.2 hours of Ms. Wolpa's time.</u>

## II.    Hourly Rate

The reasonable hourly rate to be awarded should be determined with reference to the "experience, skill, and reputation of the attorney requesting fees." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* at 1210-11.

Defendants seek hourly rates of $420.75 for Ms. McClain; $348.50 for Ms. Norton; $238 for Ms. Agarwal; $212.50 for Ms. Bramer; and $136 for Ms. Wolpa. McClain Decl. ¶ 3.[2] Plaintiff makes no objection to the hourly rates sought, and in the Court view, these rates are reasonable in light of

---

[1] Plaintiff's objections to the hours claimed in connection with the first sanctions motions are moot, as the Court is exercising its discretion not to award fees for that motion.

[2] The Court's calculations reflect the hourly rates stated for each attorney and paralegal, multiplied by the 15% reduction defense counsel has provided in light of the public entity nature of the client. *See* McClain Decl. ¶ 3a. Additionally, the Court's calculations reflect Ms. Norton and Ms. Wolpa's 2010 rates, as all the work the Court has found to be recoverable occurred in 2010.

counsel's experience and skill. Ms. McClain is a 1974 law school graduate and a partner at Littler Mendelson ("Littler"), the law firm representing defendant in this case, and has practiced defense-side employment litigation for the past 36 years; Ms. McClain is the lead defense counsel in this case. *Id.* ¶ 2a. Ms. Norton is a 1989 law school graduate, is of counsel at Littler, and has practiced employment law in California since 1990. *Id.* ¶ 2b. Ms. Agarwal graduated from law school in 2006 and is an associate at Littler. *Id.* ¶ 2d. Ms. Bramer is a 2009 graduate and an associate at Littler. *Id.* ¶ 2e. Finally, Ms. Wolpa has more than ten years of experience as a paralegal and a degree in Paralegal Studies, and had primarily responsibility for providing paralegal services for this case. *Id.* ¶ 2f.

Defendant has shown that the hourly rates it seeks for senior attorneys Ms. McClain and Ms. Norton are well in line with the prevailing market rate for similar litigation. *See Campbell v. Nat'l Passenger R.R. Corp.*, --- F.Supp.2d ----, 2010 WL 625362, at 5 (N.D. Cal. Feb. 28, 2010) (finding support for "a market rate from $380 to $775 per hour for experienced employment and civil rights attorneys in the Northern District [of California]" for the years 2006-2009); *Saephan v. Oakland Unified Sch. Dist.*, No. 06-4428 JCS, Feb. 10, 2009 Order, at *5-6 (Docket No. 108) (in employment discrimination case against public entity, awarding $510 per hour for work performed from 2006-2008 by an attorney with 22 years of experience in employment litigation). The rates sought for junior attorneys Ms. Agarwal and Ms. Bramer – who, it is noted, spent extremely minor amounts of time on this case – are also reasonable. *Campbell*, 2010 WL 625362, at *6-7 (awarding between $245 and $275 per hour for junior associates). Finally, a rate of approximately $130 per hour is reasonable for Ms. Wolpa's paralegal time. *Id.* at *8 (awarding $160 per hour for paralegal services in 2006-2009); *Saephan* Order at 9 (granting $120 per hour for paralegal work in 2006-2008).

Accordingly, multiplying the reasonable number of hours stated above by the reasonable hourly rate for each attorney and paralegal, the Court hereby GRANTS defendant's request for attorneys' fees in the following amounts:

Ms. McClain (9.8 hours x $420.75):   **$4,123.35**

Ms. Norton (60.5 hours x $348.50):   **$21,084.25**

Ms. Agarwal (2.5 hours x $238):   **$595.00**

Ms. Bramer (1 hour x $212.50):   **$212.50**

4

| | | |
|---|---|---|
| Ms. Wolpa (41.2 hours x $136): | **$5603.20** | |
| **TOTAL:** | **$31,618.30** | |

### III. Division of Liability

Rule 11 permits the imposition of sanctions against a party and/or his counsel. Fed. R. Civ. P. 11(c)(1) ("[T]he court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."). In determining how to apportion liability, "The ability of a party to pay is one factor a court should consider." *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993). "[T]he sanctioned party has the burden to produce evidence of inability to pay." *Id.* Here, neither plaintiff nor plaintiff's counsel has submitted any evidence indicating that either one is unable to pay the sanctions. The Court accordingly finds that liability for the attorneys' fees sanctions described in this order shall be joint and several. *See Int'l Union of Bricklayers & Allied Craftsmen Local Union No. 20, AFL-CIO v. Jaska*, 752 F.2d 1401, 1407 & n.8 (9th Cir. 1985) (in analogous context of appellate sanctions under Fed. R. App. P. 38, imposing fee sanctions jointly and severally because "attorney and client are in the best position between them to determine who caused" the frivolous filing to be made) (quotation marks and citation omitted).

### CONCLUSION

For the foregoing reasons, and for good cause shown, the Court hereby awards defendant $31,618.30 in attorneys' fees, to be imposed jointly and severally against plaintiff, James A. Mitchel, and his attorney, Scott A. Lewis, and to be paid within sixty days of the date of this order.

**IT IS SO ORDERED.**

Dated: July 12, 2010

SUSAN ILLSTON
United States District Judge