IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. MITCHEL, | No. C 09-05004 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND** |
| v. | |
| CITY OF SANTA ROSA, | |
| Defendant. | |

On December 28, 2011, the Ninth Circuit Court of Appeals issued a memorandum of disposition affirming in part and reversing in part two of this Court's prior orders. Dkt. 103. The Ninth Circuit reversed this Court's award of sanctions to defendant, reversed the dismissal of two of plaintiff's claims, and requested that this Court determine whether it should exercise its pendent jurisdiction over the remaining claims or remand them to state court. On April 13, 2012, plaintiff James Mitchel filed a motion for remand. Dkt. 113. On the same day, defendant City of Santa Rosa (the "City") filed a motion for attorney's fees as Rule 11 sanctions and plaintiff filed a "Motion to Dismiss Sanctions."

A hearing is scheduled for both motions on May 18, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing. The Court GRANTS plaintiff's motion for remand. An order disposing of the parties' motions regarding sanctions will be forthcoming.

**BACKGROUND**

**1.**     *Mitchel I* **and Arbitration**

This case arises out of plaintiff James Mitchel's termination from his employment as a Police

Captain with the Santa Rosa Police Department ("SRPD"), and from a decision by an arbitration panel that plaintiff was terminated with just cause. The following facts are taken from the Court's prior orders. *See* Dkts. 60, 75, and 85. Beginning in 2007, various subordinate officers in the SRPD filed a series of internal discrimination complaints against plaintiff and SRPD's police chief, Edwin Flint. According to plaintiff, the first complaint, filed in January 2007 by Officer Erin Holroyd, was an informal complaint about gender disparity. These complaints included allegations of gender disparity in the SRPD as well as claims of hostile work environment, discrimination, and retaliation as a result of airing the gender disparity concerns.

According to the initial complaint, on February 7, 2008, plaintiff was told that the City had commenced an internal affairs investigation into the discrimination complaints. A week later, plaintiff was interviewed by the investigator, Edward Kreins. A month later, plaintiff was provided with a copy of the Kreins' investigative report, which included Kreins' opinions as well as excerpts from the interviews of plaintiff and more than twenty other employees of SRPD. When plaintiff went to pick up a copy of the report from the Assistant City Attorney, Caroline Fowler, he witnessed Fowler providing a copy of the report to Kathy Warr, one of the discrimination complainants. Plaintiff contacted Chief Flint, and after Chief Flint's counsel complained to the City, the City immediately requested that all the complainants refrain from reading the report and return their copies to the City.

Thereafter, plaintiff filed suit against the City in Sonoma County Superior Court, alleging multiple causes of action including breach of defendant's duty of confidentiality, violation of the privacy provisions of the California Constitution, as well as violation of his federal constitutional rights to privacy and due process, infliction of emotional distress, and gender discrimination. The lawsuit was removed to this Court on May 29, 2008 on the basis of federal question jurisdiction. *See Mitchel v. City of Santa Rosa* ("*Mitchel I*"), No. 08-2698 SI. Meanwhile, SRPD terminated plaintiff, effective May 30, 2008, and plaintiff amended his complaint to add a retaliation claim in relation to the termination. Defendant moved to dismiss the complaint on multiple grounds, including that plaintiff had failed to exhaust his administrative remedies with respect to certain claims and had failed to present other claims to the City before filing a complaint in court, as required by the California Tort Claims Act. By order dated October 7, 2008, the Court granted defendant's motion and dismissed the entire complaint without

prejudice.

Meanwhile, on plaintiff's request, the termination dispute was submitted to binding arbitration pursuant to Section 56 of the Santa Rosa City Charter. The arbitration occurred before a panel of three arbitrators: Victor Thuesen, plaintiff's appointee; Kathleen Kelly, defendant's appointee; and Carol Vendrillo, the neutral chair. The arbitration hearing commenced on September 15, 2008. The first day of the hearing was devoted to plaintiff's argument that the City Manager, Jeff Kolin, lacked authority to terminate plaintiff from his position as Police Captain. *Id.* The panel found against plaintiff on that issue. The remainder of the hearing was devoted to the propriety of plaintiff's termination. During the hearing, plaintiff presented 18 witnesses and submitted more than 30 exhibits. Ultimately, on July 10, 2009, the panel found that the City had just cause for terminating plaintiff. The panel found that, despite an order not to discuss the ongoing investigation into the internal discrimination complaints, plaintiff had engaged in a campaign to discredit the complainants and to solicit support among his colleagues, and had lied to the investigator about these actions. The panel further found that plaintiff had been dismissive and intimidating towards the complainants, conduct that went "beyond the bounds of reasonable professional behavior."

**2.      First Amended Complaint and First Dismissal Order**

Plaintiff filed this action in state court on September 30, 2009, alleging thirteen claims: (1-4) violation of the right to due process; (5) conspiracy to violate due process; (6) gender discrimination; (7) wrongful termination in violation of public policy; (8) breach of the duty of confidentiality; (9) injunctive relief; (10) writ of administrative mandamus; (11-12) violations of California's Public Safety Officers Procedural Bill of Rights ("POBOR"); and (13) petition to vacate the arbitration decision. Plaintiff sought injunctive relief, administrative mandamus ordering the arbitration panel to set aside its decision and give plaintiff another hearing, and vacatur of the arbitration decision. Defendant removed the action to this court on October 20, 2009, again on the basis of federal question jurisdiction, as the first five claims were alleged under the U.S. Constitution and 42 U.S.C. § 1983. *See* Dkt. 1.

On the City's first motion to dismiss, the Court issued an order dismissing the federal claims (claims 1-5) and the claims for breach of the duty of confidentiality (8) and parts of the POBOR claims

1  (11 and 12) with prejudice; and dismissed the claims for gender discrimination (6), wrongful termination
2  in violation of public policy (7), petition to vacate the arbitration decision (13), and the remaining
3  portions of the POBOR claims (11 and 12) with leave to amend. *See* Feb. 17, 2010 Order, dkt. 60. In
4  the same Order, the Court denied the City's first motion for sanctions. *Id.*

Regarding claim 13, for vacatur of the arbitration decision, plaintiff argued that the arbitration panel erred by declining to consider his POBOR contentions after the panel concluded that it lacked jurisdiction to do so. The statute governing POBOR states that the "superior court shall have initial jurisdiction" over such claims. Cal. Gov't Code § 3309.5(c). In the Feb. 17, 2010 Order, the Court agreed with plaintiff that the statute nowhere states superior courts have "exclusive" jurisdiction, but noted the statute grants them "initial jurisdiction," and found that "plaintiff cannot, as a matter of law, show that the panel exceeded its powers, substantially prejudiced plaintiff by concluding it could not consider the POBOR claims, or committed any other act justifying vacatur of the decision." Feb. 17, 2010 Order at 14.

Also in claim 13 seeking vacatur, plaintiff had alleged that arbitrator Kelly had improperly engaged in ex parte communication with the City and then "unduly influenced the neutral chair with information taken outside the hearing process." The Court stated that "plaintiff's conclusory allegation of misconduct, unsupported by any specific factual allegations, does no more than raise a sheer possibility that a defendant has acted unlawfully." *Id.* at 14 (*citing Ashsroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court dismissed claim 13 with leave to amend the allegations of misconduct by arbitrator Kelly.

Following the Feb. 17, 2010 Order, no federal causes of action remained.

### 3. Second Amended Complaint and Second Dismissal Order

On April 26, 2010, plaintiff filed a Second Amended Complaint (Dkt. No. 61), which re-alleged the gender discrimination (6), wrongful termination in violation of public policy (7), temporary and injunctive relief (9), writ of administrative mandamus ordering that the arbitration panel's decision be set aside (10), and POBOR (11 and 12) causes of action from the First Amended Complaint. Plaintiff chose not to re-allege the Thirteenth cause of action for vacatur in the SAC, omitting entirely the

4

previously-made allegations against arbitrator Kelly.

The City then moved to dismiss these claims and moved again for sanctions against plaintiff Mitchel and his attorney, Scott Lewis. On April 26, 2010, the Court issued an order dismissing the remainder of plaintiff's claims and granting sanctions. *See* Apr. 26, 2010 Order, dkt. 75. In regards to the termination-related claims, the Court found that, because Mitchel had omitted the claims against arbitrator Kelly and any other ground to support vacatur of the arbitration decision, Mitchel had effectively "concede[d] the validity of the arbitration panel's ruling." Apr. 26, 2010 Order at 3. Therefore, the Court dismissed with prejudice all claims arising from Mitchel's termination, which were the Sixth, Seventh, Ninth, and Tenth causes of action. In relation to the POBOR claims, the Court found that Mitchel had failed to comply with the requirements of the California Tort Claims Act (the "TCA"). Therefore, the Court dismissed with prejudice the Eleventh and Twelfth causes of action as well. *Id.*

The Court also granted the City's motion for sanctions against both Mitchel and Lewis. In awarding sanctions, the Court stated,

> The Court agrees with the City that some of plaintiff's and Mr. Lewis's conduct is sufficiently serious to warrant sanctions. In particular, the Court is troubled by the circumstances surrounding the misconduct allegations against Ms. Kelly. In the previous version of the complaint, plaintiff made serious but vague allegations that Ms. Kelly had acted improperly in her role as an arbitrator. After being advised by the Court that any such claim against Ms. Kelly needed to be supported by specific factual allegations, plaintiff completely omitted the claim from his SAC. The Court agrees with the City that the most reasonable inference to be drawn is that plaintiff and Mr. Lewis never had a legitimate factual basis to level the accusations of misconduct against Ms. Kelly. Indeed, Mr. Lewis never states what, if any, factual investigation he undertook before bringing this claim. This is insufficient to meet his duty to "conduct[] a reasonable and competent inquiry" before filing a pleading.

*Id*. at 7.

In deciding what form of sanctions to impose, the Court found an award of attorney's fees to be warranted in light of the fact that "plaintiff brought suit despite an agreement requiring binding arbitration of employment disputes precisely in order to avoid the expense of litigation." *Id.* The Court then requested that defense counsel submit a declaration detailing the "reasonable fees incurred in defending this action." *Id.* This declaration, in which defense counsel requested $108,717.55 in fees, was submitted on May 13, 2010. *See* Dkt. No. 79.

In an order dated July 12, 2010, the Court awarded attorney's fees to the City. Order, Dkt. No.

5

85. The Court first found that, in keeping with the "limitations on the appropriate scope of Rule 11 sanctions . . . only the fees incurred in defending against the Second Amended Complaint and the fees related to filing the present request are recoverable." *Id*. at 2. The Court found that plaintiff had been put on notice that the Court had previously "consider[ed] the possibility of imposing sanctions as a result of plaintiff's unsupported claims" when it dismissed the First Amended Complaint in its February 17, 2010 order (Dkt. No. 60). *Id*. The Court then stated, referencing the omission of any claims concerning arbitrator Kelly's previously alleged misconduct, that "[p]laintiff's filing of the Second Amended Complaint confirmed the unsupported nature of those claims." *Id*. The Court, using the "lodestar" method, awarded fees in the amount of $31,618.30 and held Mitchel and Mr. Lewis jointly and severally liable for the full amount. *Id*. at 5.

### 4.     **Ninth Circuit's Decision**

Mitchel and Lewis then filed a Notice of Appeal with the Ninth Circuit Court of Appeals in regards to three orders of this Court: (1) the February 17, 2010 order granting in part and denying in part defendant's motion to dismiss the First Amended Complaint and denying defendant's motion for sanctions (Dkt. No. 60); (2) the April 26, 2010 order granting defendant's motion to dismiss plaintiff's Second Amended Complaint and granting in part defendant's motion for sanctions (Dkt. No. 75); and (3) the July 12, 2010 order granting defendant's request for attorney's fees (Dkt. No. 85). Notice of Appeal 10-16570, Dkt. No. 86. On December 28, 2011, the Ninth Circuit affirmed the Court's rulings dismissing most of the claims, but reversed the Court's holdings regarding claims 9 and 13, and its imposition of sanctions. Ninth Circuit Memorandum, Dkt. 103. In vacating the imposition of sanctions, the Court of Appeals stated,

> The district court awarded attorney's fees for defending against the entire SAC, despite justifying the award almost entirely on a single frivolous claim. That claim is only one out of thirteen, and it is a claim not even contained in the SAC. Sanctions should be awarded only for the offending counts in a multi-count complaint . . . Thus, the district court should identify the particular claims in the FAC and SAC that it found sanctionable and should ensure that its sanctions award fits the sanctionable conduct that it identifies.

*Id*. at 7.

Regarding the Court's dismissal of claim 13, the Ninth Circuit stated that, "although the

California Superior Court has 'initial jurisdiction' over POBOR claims, California courts have held that this grant of initial jurisdiction 'does not vest the courts with exclusive jurisdiction over an officer's POBOR claims.'" *Id.* at 3 (*citing Lozada v. City & Cnty. of San Francisco*, 52 Cal. Rptr. 3d 209, 220 (Ct. Appl. 2006)). The court then remanded that portion of claim 13 to determine whether the arbitration panel's refusal to consider plaintiff's POBOR claims constituted a ground for vacatur of their decision. *Id.* (*citing* Cal Civ. Code § 1286.2). Revival of a portion of claim 13 necessarily also revived claim 9, which simply seeks temporary and permanent injunctive relief through reinstatement at his job.

The Ninth Circuit also expressly discussed remand. The court stated that,

> With respect to Claim 9 and portions of Claim 13 that the district court dismissed in error, we remand this case to the district court to: 1) determine whether the federal district court should exercise its pendent jurisdiction over these claims or should remand the claims to the state court, *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 651 (9th Cir. 1984) (usually dismissal of federal claims before trial dictates that the pendent state claims should be dismissed); and 2) if the district court does retain jurisdiction over the state claims, determine whether these claims can survive a motion to dismiss on grounds other than abandonment.

Ninth Circuit Memorandum, at 6.

## 5. Pending Motions

After the Ninth Circuit's decision, the City filed a renewed motion for sanctions, listing particular causes of action in both the FAC and SAC that the City argues the Court should find sanctionable. Def.'s Mot. for Sanctions, Dkt. No. 114. Plaintiff Mitchel has filed an opposition to this motion, supported by a Declaration of his counsel, Mr. Lewis. Dkt. No. 116. The City has filed a reply as well. Dkt. No. 117. In addition, plaintiff has filed a "Motion to Dismiss Sanctions." Dkt. No. 112. No responsive briefing has been filed to the latter motion.

Plaintiff has also filed a motion for remand to state court, arguing that, because there are no remaining federal causes of action in the case, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims and should remand the case to state court. Dkt. No. 113. The City has filed a brief in opposition to that motion. Dkt. No. 115.

**LEGAL STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). Upon a defendant's removal of a case to federal court, the court "shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy." 28 U.S.C. § 1367(a). However, if the court chooses, it may in its discretion "remand all matters in which State law predominates." 28 U.S.C. § 1441(c). A district court has the discretion to remand a properly removed case to state court when no federal claim remains, "upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 2001). In deciding whether to remand, courts should "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon*, 484 U.S. at 350. The Supreme Court in *Carnegie-Mellon* noted that a district court has "a powerful reason to choose not to continue to exercise jurisdiction" when all federal claims have been eliminated at an early stage of the litigation. *Carnegie-Mellon*, 484 U.S. at 350-51.

**DISCUSSION**

**1.     Motion for Remand**

The Court finds that remand is appropriate here. The only remaining questions in this case involve unsettled questions of state law - in particular, whether a arbitration panel's error in refusing to hear a plaintiff's POBOR claims constitutes a ground for vacatur of the panel's award. The question implicates the California Public Safety Officers Procedural Bill of Rights and California Code of Civil Procedure § 1286.2 governing vacatur of an arbitration decision. It is an unsettled question of state law that properly belongs before a state court. *See Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1120 (N.D. Cal. 2002) (Brazil, J.) (it is "preferable as a matter of comity (respect for our sister state institutions) for state court judges to apply state law to plaintiff's state-law claims.")

The City argues that the Court should retain jurisdiction because it has had jurisdiction for nearly four years over all of plaintiff's claims. *See* Def.'s Opp. at Remand, at 2. In that time, however, the Court has only addressed motions to dismiss, strike, and for sanctions. These remain the early stages

8

of litigation. *See RWJ Management Co., Inc. v. BP Products North America, Inc.*, 672 F.3d 476, 480 (7th Cir. 2012) (remand appropriate even after district court held 35 hearings, issued 45 orders, considered 70 motions, and the parties engaged in extensive discovery, because federal claims were withdrawn a few days before trial). The Court finds that interests of comity outweigh any judicial economy maintained by refusing to remand. *See Carnegie-Mellon*, 484 U.S. at 350-51. The Court therefore GRANTS plaintiff's motion for remand.

**2.     Motion for Sanctions**

The Court considers the parties' moving papers regarding sanctions as SUBMITTED. A decision on those motions will be forthcoming. If either side believes that the Court's grant of remand affects its motions regarding sanctions, it may file a supplemental brief on the matter, not exceeding 5 pages, no later than **May 25, 2012**.

### CONCLUSION

Plaintiff's motion for remand is GRANTED. The parties' motions regarding sanctions are submitted for consideration. An order disposing of those motions will be forthcoming.

**IT IS SO ORDERED.**

Dated: May 16, 2010

SUSAN ILLSTON
United States District Judge